IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case No. 3:15-cr-49 (CAR) |
| CEDRIC LAMAR JEFFRIES, : | |
| : | |
| Defendant. : | |
| : | |

## ORDER DISMISSING MOTIONS FOR HOME DETENTION

On July 26, 2017, Defendant Cedric Lamar Jeffries pled guilty to one count of possession of a firearm by a convicted felon. Defendant was sentenced to 90 months imprisonment and three years of supervised release. According to the Bureau of Prisons (BOP) website, Defendant is currently incarcerated at FCI Schuylkill in Minersville, Pennsylvania, with a projected release date of November 9, 2022.[1]

Defendant has filed two *pro se* Motions "for Home Detention" requesting that this Court place him on home confinement so that he can go to a drug rehabilitation facility. But this Court does not have the power to compel the BOP to transfer Defendant to home confinement.[2] "The BOP has independent authority 'to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or

---

[1] www.bop.gov/inmateloc/ (last visited October 27, 2022).
[2] *See Touizer v. Carvajal*, 2021 WL 3829618, at *2 (11th Cir. Aug. 27, 2021) ("The main question we must determine in this appeal is whether the district court has the authority to order the BOP to return Touizer to home confinement. We hold that it does not.").

1

6 months.'"[3] And if an inmate violates a condition of that home confinement, the BOP is permitted—and in some cases, required—to revoke the prisoner's prerelease custody and require him to serve the rest of his sentence in prison.[4] As a result of the COVID-19 pandemic, the CARES Act was passed and permits the BOP to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement" under 18 U.S.C. § 3624(c)(2), as it deems appropriate.[5]

Neither § 3624(c)(2) nor the CARES Act expressly provides the judiciary with authority to grant an inmate home confinement in these circumstances.[6] Indeed, the BOP alone "shall designate the place of the prisoner's imprisonment," and such "a designation of a place of imprisonment . . . is not reviewable by any court."[7] A district court can only recommend a new placement, but it may not order it.[8] Thus, this Court lacks authority to order the BOP to release Defendant to home confinement.

Moreover, this Court declines to make a recommendation to the BOP regarding Defendant's pre-release placement on home confinement. The Court takes no position as to Defendant's designation of confinement and leaves such designation to the experience and discretion of the BOP.

---

[3] *Id.* (quoting 18 U.S.C. § 3624(c)(2)).
[4] 18 U.S.C. § 3624(g)(5).
[5] CARES Act, Pub. L. 116-136, Div. B, Title II, § 12003(b)(2).
[6] *See* 18 U.S.C. § 3624(c)(2); CARES Act, § 12003(b)(2).
[7] 18 U.S.C. § 3621(b); 18 U.S.C. § 3624(c)(4) (stating that nothing in this statute "shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621")" *accord Tapia v. United States*, 564 U.S. 319, 331 (2011).
[8] *See* 18 U.S.C. § 3621(b)(4)(B); *Tapia*, 564 U.S. at 331 ("A sentencing court can *recommend* that the BOP place an offender in a particular facility or program . . . [b]ut decision making authority rests with the BOP.").

Accordingly, Defendant's Motions for Home Detention [Docs. 58 and 59] are **DISMISSED**.

**SO ORDERED**, this 28th day of October, 2022.

                                                S/ C. Ashley Royal
                                                C. ASHLEY ROYAL, SENIOR JUDGE
                                                UNITED STATES DISTRICT COURT